## Kahn, Appellant, v. William Goldman Theatres, Inc.

Argued November 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Charles A. Wolfe,* with him *Philip C. Pendleton* and *Montgomery & McCracken,* for appellant.

*Morris Wolf,* with him *Robert B. Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1941:

This is a proceeding instituted under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72, and supplemented by the Act of May 22, 1935, P. L. 228. From the decree dismissing her petition, plaintiff has taken this appeal.

It is ascertained from the petition that defendant, William Goldman Theatres, Inc., on February 1, 1938, conveyed to plaintiff, Ruth G. Kahn, a certain property situate in the Borough of Doylestown, Bucks County, (which premises thereafter were converted by plaintiff into a moving picture theatre), under and subject, among other things, to a covenant that if plaintiff "shall decide to sell the . . . premises . . . she . . . . shall notify the Grantor herein in writing and said Grantor shall have the right within ten (10) days after receipt of such notice to buy the . . . premises (paying therefor within twenty (20) days thereafter in

cash), for Eighty thousand dollars ($80,000) plus the cost of improvements to the realty made after the date of the deed. . . . In the event that the Grantor herein exercises this right the Grantee herein agrees to sell and convey upon the payment of said sum to her. The right of the Grantor herein, however, shall cease if and when it fails to exercise the same when first offered. . . ." On July 13, 1939, plaintiff notified defendant by letter that she had decided to sell the property, offered it to defendant for $130,000, and requested notice within ten days as to whether defendant desired to exercise its option. When defendant did not purchase the premises or notify of its intention so to do, plaintiff was advised by her counsel that the option had ceased and terminated. On September 14, 1939, plaintiff's attorney, in order to extinguish the option of record, wrote to counsel for defendant offering to prepare and, upon execution by defendant, to record a deed reciting the extinguishment of the option, to which defendant's counsel replied, inter alia, that unless plaintiff had a bona fide sale in prospect, the option could not be affected. After the exchange of other correspondence between the attorneys, plaintiff filed her petition, praying that the option of defendant to purchase the premises be declared to have ceased and terminated, to which defendant answered raising questions of law. The learned court below, after argument, dismissed the petition on the ground that a real controversy between the parties did not exist, and that it could not "decide future rights in anticipation of the event at which such future rights call for decision: *Ladner v. Siegel*, 294 Pa. 368."

The only problem here presented is whether or not, under the provisions of the Declaratory Judgments Act, supra, plaintiff is entitled to a construction of the covenants in her deed. What she is seeking is a confirmation of the opinion of her attorney. In this connection we should remember that this court said, in *Taylor v. Haverford Township*, 299 Pa. 402, 406: "We are de-

termined that the Declaratory Judgments Act, an excellent piece of legislation when kept within proper bounds, shall not be used in cases to which it is not properly applicable." After a careful review of the undisputed facts set forth by plaintiff, we are certain that the learned court below acted properly in dismissing her petition. To have done otherwise would have been to abuse the purpose for which the Act was intended.

Plaintiff attempts in this action to get the court to decide future rights in anticipation of an event which may never happen. She does not present "an actual controversy, or the ripening seeds of one" which is essential to obtaining the declaration sought: *Kariher's Petition (No. 1)*, 284 Pa. 455, 471. Section 6 of the Act of 1923, as amended by the Act of April 25, 1935, P. L. 72, provides: "Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding." The court must reach a conclusion in the exercise of judicial discretion before granting such a petition: *Carwithen's Estate*, 327 Pa. 490, 494; for it is a matter of discretion whether or not jurisdiction will be taken of any particular case: *Kariher's Petition (No.1)*, supra, 471.

All that plaintiff avers is that the option granted to defendant under the covenant contained in the deed has expired in her and her counsel's opinion, and, while defendant or its attorney may not concur with them in

that belief, there is no allegation that defendant has asserted any claim or hinted at the possibility of litigation, or that plaintiff has taken any action or is contemplating taking any steps which would be in any way affected by what defendant thinks. If and when the differences of opinion between counsel and their clients become something more than that, the court may act. In this connection, it was said, in *Carwithen's Estate*, supra, 494: "We think there is nothing on this record to sustain a declaration; there is no actual controversy; there may be one some day if the trustees fail in the measure of their duty with resulting loss; but the circumstances cannot be anticipated, and without them there is no 'actual controversy' on the point; the record does not present antagonistic claims indicating 'imminent and inevitable litigation.' *The parties may differ on what the will means, but that is not enough to support the declaration made."* (Italics added). In the instant case, there is no actual controversy, at this juncture, between the parties, and the court is, therefore, without authority to affect their rights under the terms of the deed. Any opinion in the present state of the record would be merely advisory in nature; and such opinions are not contemplated under this legislation: *Ladner v. Siegel,* supra, 372; *Cryan's Estate,* 301 Pa. 386, 391.

Decree affirmed, at appellant's cost.