Reese, Appellant, v. Tomsic.

Argued October 4, 1961. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*John W. Edwards, Jr.,* with him *Francis H. Pa-
trono,* and *Patrono and Edwards,* for appellants.

*Stephen D. Marriner,* with him *McCreight, Mar-
riner & McCreight,* for The Fidelity and Casualty Com-
pany of New York, appellee.

OPINION BY JUSTICE ALPERN, December 5, 1961:

This case is before the court on appeal from a dis-
missal by the Court of Common Pleas of Washington
County of a petition for declaratory judgment proceed-
ings. The facts of this case stem from an automobile

accident which occurred on August 14, 1957, in the Borough of Cannonsburg in Washington County. Gerald Allen Reese was operating a motor vehicle on that date which collided with a bicycle operated by Dale H. Reynolds, Jr., a minor. As a result of this accident Dale H. Reynolds, Jr., a minor, by his parent and guardian, Dale H. Reynolds, Sr., and Dale H. Reynolds, Sr. in his own right, filed a summons in trespass against Reese, alleging that Dale H. Reynolds, Jr. was injured because of the negligence of Reese. Reese was driving the vehicle by permission of David Leichty, an employee of its owners, William and Frank Tomsic, doing business as B. & F. Motor Co., a partnership. Reese was the owner of an insurance policy issued by the Nationwide Mutual Insurance Company. This policy protected him against loss occasioned by legal liability for property damage and personal injuries to others caused during his operation of a motor vehicle. In addition, the Tomsics and B. & F. Motor Company were covered by a policy of the Fidelity and Casualty Company of New York. This policy protected any authorized driver of B. & F. Motor Company vehicles from liability for property damage and personal injuries to others.

Reese, the defendant in the suit in trespass, and the Nationwide Mutual Insurance Company which issued the policy he owned, filed a petition for declaratory judgment, on November 17, 1959, in the Court of Common Pleas in Washington County. See Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, as amended by the Act of May 26, 1943, P. L. 645, 12 PS §831 et seq. The defendants in this petition for declaratory judgment are William and Frank Tomsic, doing business as B. & F. Motor Company, a partnership, the Fidelity Casualty Company of New York, David Leichty, and the Reynolds who are the plaintiffs in the original trespass action.

The plaintiffs in the declaratory judgment petition averred that certain adjudications should be declared by the lower court prior to trial. The plaintiffs requested the lower court to adjudicate the following:

1. That Reese was operating the motor vehicle which was involved in the accident, with the permission of the Tomsics who owned it.

2. That the policy issued to the Tomsics by The Fidelity and Casualty Company of New York covered the use of the aforesaid motor vehicle by Reese, and that it is the primary insurance policy so far as the Reynolds are concerned.

3. That the Fidelity and Casualty Company of New York is obligated to defend Reese against the action by the Reynolds.

4. That the Fidelity and Casualty Company of New York be required to pay any judgment or judgments that may be entered in favor of the Reynolds against Reese, up to the limits of the policy of insurance which the company issued to the Tomsics.

The defendants filed preliminary objections in the nature of a demurrer. The lower court in a per curiam opinion filed on April 24, 1961 dismissed the petition because the allegations contained in the petition "must be left to the jury and the trial judge at the time of trial." The lower court explained its decision not to take jurisdiction of the petition under the Declaratory Judgments Act by stating that "there is no imminent and inevitable litigation presently presented by this petition," and that therefore it wished to exercise its "discretion" not to take jurisdiction.

Counsel for the appellant argues in his brief in his appeal before this court that the plaintiffs have stated a cause of action which is within the potential jurisdiction of the court of common pleas under the authority vested in that court by the Uniform Declaratory Judgments Act. Likewise, counsel for the appellant argues

that the plaintiffs have made sufficient averments of fact to state a cause of action sufficient in law upon which the relief prayed for may be granted by the lower court.

However, the question which this court must answer in deciding this appeal is, did the lower court abuse its discretion in dismissing the petition of the plaintiffs for declaratory judgment? Thus the fact that a cause of action is averred in the petition which is within the jurisdiction of the court, as is argued by counsel for the appellant does not *require* the lower court to exercise its discretion. Likewise, the fact that an "actual controversy exists," or the fact that the objective essentials of a declaratory judgment proceeding exist does not require the lower court to assume jurisdiction. The Uniform Declaratory Judgments Act states that, "Relief by declaratory judgment or decree *may* be granted . . . where an actual controversy exists . . . or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where . . . the court is *satisfied* that . . . a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding." See Act of May 26, 1943, P. L. 645, §1, 12 PS §836.

Thus, in the final analysis the assumption of jurisdiction is a question to be decided in the discretion of the lower court. As already stated by this court in *Eureka Casualty Company v. Henderson,* 371 Pa. 587, 92 A. 2d 551 (1952): "We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion."

The discretionary character of the judicial process in actions for declaratory judgments has consistently been proclaimed by this court ever since such actions first came into being. See *Kariher's Petition (No. 1),*

384

284 Pa. 455, 471, 131 A. 265, 271 (1925); *Carwithen's Estate,* 327 Pa. 490, 494, 194 A. 743, 745; *Capital Bank and Trust Company's Petition,* 336 Pa. 108, 111, 6 A. 2d 790, 792 (1939); *Kahn v. William Goldman Theatres, Inc.,* 341 Pa. 32, at 35-36, 17 A. 2d 340, 341 (1941); *Schoenbrun v. Nettrour,* 360 Pa. 474, 477, 61 A. 2d 868, 869 (1948); *Keystone Insurance Company v. Warehousing and Equipment Corporation,* 402 Pa. 318, 165 A. 2d 608 (1960).

The question before this Court is whether the lower court abused its discretion. We believe it did not.

As stated by the lower court, "There is no need, therefore, to determine the issues in the petition, as far as the litigants in the original case are concerned for they are adequately protected by counsel and an insurance policy, and the case for personal injuries may proceed to trial and be determined. The only delay in this litigation has been occasioned by the Insurance Company attempting to obtain help from the defendant insurance company . . . retention by this court of jurisdiction . . . would only delay final judgment . . . nor would it serve the ends of justice . . ."

Accordingly the dismissal of the petition for declaratory judgment proceedings by the lower court in a per curiam opinion is hereby affirmed with costs to be paid by the appellant.