## Harleysville Mutual Casualty Co. v. Fuller

*Edward F. Peduzzi*, for plaintiff.

*James F. O'Malley* and *R. Thomas Strayer*, for defendants.

WOLFE, J., January 17, 1962.—Harleysville Mutual Casualty Company filed this petition for a declaratory judgment against William L. Fuller, asking that the court declare that the automobile liability insurance policy issued to William L. Fuller did not cover his son, William L. Fuller, Jr., on June 3, 1960. On that date, the son was driving his father's automobile; an accident occurred, and one of the parties damaged brought suit against Fuller, Jr. Harleysville's counsel appeared at the arbitrators' hearing, defending William L. Fuller, Jr., with a reservation of the right to disclaim liability under the policy. The arbitrators made an award against William L. Fuller, Jr., upon which judgment was later entered and an attachment execution issued naming Harleysville Mutual as garnishee.

Following the arbitrators' award but prior to the entry of judgment upon it, the insurer began this declaratory judgment action. It joined as defendants William L. Fuller, Jr., the driver of the car, D. P. Luther, plaintiff in the trespass action carried through to judgment and attachment execution, and the other injured parties who threatened suit as a result of the accident. The insurance company claims that its policy was issued under "Class 1 (B)", which did not cover William L. Fuller, Jr., because he was a male member of the household under 25 years of age; it also claims that William L. Fuller, the principal assured, knew this at the time the policy was issued and elected not to pay the additional premium which would change the classification of his policy and include his son.

At the hearing upon the declaratory judgment proceeding, William L. Fuller, Jr. demanded a jury trial upon the fact issues raised by the insurer's petition. Later, he obtained a rule to show cause why the declaratory judgment action should not be dismissed,

arguing that the question of insurance coverage can best be decided in a trial upon the attachment execution initiated by D. P. Luther in his trespass action. D. P. Luther has joined in this argument.

Attachment execution naming an insurance company garnishee, followed by a jury trial on the issue of insurance coverage, is an accepted method of determining the extent of insurance coverage: Schmittinger v. Grogan, 402 Pa. 499; Puller v. Puller, 380 Pa. 219.

Declaratory judgment proceedings may also be used to determine the rights under a policy of insurance; Allstate Insurance Company v. Stinger, 400 Pa. 533; Goldin, The Law of Insurance in Pennsylvania, Vol. 1, sec. 682. But declaratory judgment actions to determine the coverage of an insurance policy are addressed to the discretion of the court. "We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion. The Act of May 26, 1943, P. L. 645, employing in that regard the same phraseology as the preceding Act of April 25, 1935, P. L. 72, provided that 'Relief by declaratory judgment or decree may be granted in all civil cases where' . . . etc., and it merely set forth certain circumstances which would not necessarily debar the granting of such relief if otherwise deemed desirable; it provided that conditions there specified 'shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present.' This discretionary character of the judicial process in such actions has been consistently proclaimed by this court ever since declaratory judgments first came into being": Eureka Casualty Company v. Henderson, 371 Pa. 587, at 591; Reese v. Tomsic, 405 Pa. 380. In Keystone Insurance Company v. Ware-

housing and Equipment Corporation, 402 Pa. 318, 322, the insurer asked for a declaratory judgment as to the coverage of its liability policy, and the court made the following statement: "In the instant case the question does not involve an interpretation of the words or the terms of the policy of insurance, but basically involves a question of fact as to whether the insured gave to the insurance company notice that the trailer was to be included as part of the automobile which was insured. The Court is thus asked to decide, without the aid of a jury trial, a question, not of interpretation of a contract of insurance, but a disputed question of fact. 'Ordinarily, it [the court] will not act [under the Declaratory Judgment Act] where there is a dispute as to facts, or such controversy may arise.' " It is not precisely true to say that the courts will not hear a declaratory judgment proceeding where an issue of fact is involved. The Act of June 18, 1923, P. L. 840, sec. 9, 12 PS §839, provides as follows: "When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." The Act of May 22, 1935, P. L. 228, sec. 6, 12 PS §852 provides as follows: "If the petitioner or a defendant desires any issue of fact to be tried and determined by a jury, he shall so demand in his petition or answer, and, if no such demand is made, its absence shall be treated as equivalent to an agreement to dispense with trial by jury, and that all issues of fact, as well as those of law, may be determined and found by the court, subject to exceptions and appeal, as in equity cases."

Issues of fact may be determined in a declaratory judgment proceeding either with or without jury trial, depending upon the request of either or both parties. Declaratory judgment proceedings may include fact

finding, but when disputes of fact can be more quickly decided in other proceedings, the court may in its discretion dismiss a petition for declaratory judgment. In the present case, an attachment execution has issued on the judgment obtained against William L. Fuller, Jr., and the insurance company has been named as garnishee. That proceeding can determine the extent of the coverage of the insurance policy in a jury trial, a method which has been approved in the authorities cited above. It will give to both parties full opportunity to produce all the testimony available on the issues of fact which have been raised in this proceeding. For example, the question whether the policy issued to William L. Fuller, Sr., was in fact a policy under the classification "1 (B)", and the question whether the possible coverage of the son, William L. Fuller, Jr., was discussed between the agent and his father, and the question whether the father understood that the son was not covered by the issued policy, can all be determined by a jury trial. Both Fuller, Jr. and the plaintiff in the trespass action have demanded such a trial. It appears to this court that it would be more expeditious to permit the matter to be decided in a jury trial upon the attachment execution process. At that time, all questions of law can be controlled by the presiding judge and both parties will have recourse to a jury in the traditional manner for the determination of disputed questions of fact.

On the other hand, if the present declaratory judgment proceeding stands, the court must award an issue for trial by jury, then after that issue or issues have been decided by the jury, the case will come back to the court for application of the proper legal principles. Since there must be a jury trial, it is better to have one in the attachment execution process when all questions may be decided at one time. As stated in the Act of June 18, 1923, P. L. 840, sec. 6, as amended, 12 PS

§836, "Relief by declaratory judgment or decree may be granted in all civil cases where . . . the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding . . ." The controversy giving rise to this proceeding, the question whether the insurance policy covered Fuller, Jr., can be promptly litigated and determined in the pending attachment execution proceeding. That seems to be the quickest, simplest method of terminating the controversy. It is our opinion that a declaratory judgment proceeding should not be made available for collateral determination of this question, and we, therefore, enter the following

### Order

And now, January 17, 1962, the rule to show cause why the petition for declaratory judgment should not be dismissed is made absolute, and the petition is dismissed at the cost of the petitioner.