Allstate Insurance Company, Appellant, *v.*
Seward.

Argued May 21, 1962. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

*James W. Evans,* with him *Goldberg, Evans & Katz-
man,* for appellant.

*Macey E. Klein,* with him *Solomon Hurwitz,* and *Hurwitz, Klein, Meyers & Benjamin,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1962:

Plaintiff has appealed from an order dismissing its petition for a declaratory judgment.

On October 13, 1960, plaintiff issued an automobile liability insurance policy to Miriam B. Kearns, one of the respondents, on a 1957 Studebaker Sedan. The policy provided, inter alia,

"Section I—Liability Protection

"Part 1. . . . The following persons are insured under this Part . . . 3. Any other person with respect to the owned automobile, *provided the actual use thereof is with the permission of the named insured.\** . . . Definitions of words used under this Part . . . (a) 'insured' means any person or organization listed as insured in this Part. . . . This Part 1 does not apply to: . . . 6. bodily injury or property damage caused *intentionally* by, or at the direction of, the insured . . . ."

On January 1, 1961, at about 5:25 P.M., the 1957 Studebaker Sedan, owned by Miriam B. Kearns, was being operated by Wallace W. Kearns, who is another respondent and who is the former husband of Miriam, in a westerly direction on Walnut Street, Harrisburg, Pennsylvania. Miriam B. Kearns was a passenger\*\* in the car. Wallace Kearns, while driving about four city blocks, collided with four other automobiles, driving one of them into a fifth automobile and driving two of them into the property located on the northwest corner of Walnut Street and Progress Avenue, owned by L. Frank Fake. Fake has also been made a respondent. In all, 20 persons suffered personal injuries or property damage. Some of them have already started

---

\* Italics throughout, ours.
\*\* Allegedly a captive.

suits against the Kearns, and others have notified plaintiff that they expect to sue and will look to it for compensation.

Plaintiff filed a petition for Declaratory Judgment and joined as respondents all persons who might have an interest, i.e., all who suffered personal injuries or property damage or both. The petition contained two causes of action. In the first cause of action, plaintiff seeks a declaration that it is not liable to any of the respondents because, at the time of the accidents, Wallace W. Kearns was *not* operating the automobile with the *permission* of Miriam B. Kearns and therefore was not an "insured" under the provisions of the policy in question. In the second cause of action, plaintiff seeks a declaration that, even if Wallace W. Kearns was an insured under the policy, it is not liable to any of the respondents because the damages were *intentionally caused* by Wallace W. Kearns and such damages are specifically excluded under the terms of the policy.

Some of the respondents filed preliminary objections contending (1) that the Court, in its discretion, should decline to take jurisdiction and (2) that the situation presented by the petition does not meet the statutory requirements for the granting of a declaratory judgment. Respondents were right in both contentions.

The question of whether to take jurisdiction of a declaratory judgment proceeding is a matter initially for the sound discretion of the lower Court. *Keystone Insurance Co. v. Warehousing and Equipment Corporation,* 402 Pa. 318, 165 A. 2d 608; *Eureka Casualty Co. v. Henderson,* 371 Pa. 587, 92 A. 2d 551; *McWilliams v. McCabe,* 406 Pa., infra.

In *State Farm Mutual Automobile Insurance Company v. Semple,* 407 Pa. 572, 180 A. 2d 925, we said: "The principles to guide the lower courts in determin-

ing whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia, (1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear. manifestation that the declaration sought will be a practical help in terminating the controversy."

Like the situation in *Keystone Insurance Company v. Warehousing and Equipment Corporation*, 402 Pa., supra, the questions in the instant case involve basically a determination of disputed questions of fact, i.e., whether the driver of the car had permission of the named insured to drive the car and whether he intentionally caused the damages suffered.

Factual questions are ordinarily not properly the subject for a declaratory judgment, *Keystone Insurance Company*, supra; and in this case there is the additional reason that the facts relating to the claims of the various respondents may be actually and legally different.*

The Court below properly and wisely dismissed plaintiff's petition.

Order affirmed.

Mr. Justice BENJAMIN R. JONES concurs in the result.

---

* For example, the first collision might not have been intentional, but if Kearns intentionally caused any collision, such intention may have been formed after the first or one of the subsequent collisions.