Harleysville Mutual Insurance Company,
Appellant, *v.* Philadelphia Transportation
Company.

Argued November 15, 1968. Before Bell, C. J.,
Jones, Cohen Eagen, O'Brien and Roberts, JJ.

*Paul A. Lockrey,* with him *Joel Paul Fishbein,* for appellant.

*John P. Mason,* with him *H. Francis DeLone,* for appellee.

*Mitchell A. Kramer,* with him *David C. Harrison,* and *Kramer and Harrison,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 27, 1969:
Plaintiff filed a petition for a declaratory judgment as to whether an insurance policy written by it included protection against uninsured motorists when the insured party was injured while riding in a common carrier, namely, Philadelphia Transportation Company. The driver of the automobile which struck the P.T.C. car did not carry liability insurance. The policy relevantly provided that in case of a disagreement, the matter or matters as to which the parties do not agree shall be settled by arbitration, upon the written demand of either.

The arbitration clause of the policy is so important that we shall quote it in full: "Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, *upon written*

*demand of either,** the matter or matters upon which such person and the company do not agree *shall be settled by arbitration* in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company *each agree to consider itself bound* and to be bound by any award made by the arbitrators pursuant to this Part."

Prior to the filing by Harleysville of the petition for a declaratory judgment, the injured party, Mrs. Rainer, had already filed a trespass action against P.T.C. which had joined the uninsured driver as an additional defendant, and Mrs. Rainer had also made an uninsured motorist claim against Harleysville and had demanded in writing submission of her claim to an American Arbitration Association arbitrator. Moreover, the arbitrator had been appointed and had fixed a hearing date, although the hearing itself had not begun at the time Harleysville filed its petition for a declaratory judgment.

Harleysville, in its petition for a declaratory judgment, admits that Mrs. Rainer has no claim against it unless and until it is judicially determined that her claim exceeds $10,000. P.T.C. filed an answer which was in the nature of a demurrer, averring, inter alia, that the extent of Harleysville's liability under its own insurance policy was already the subject of a pending arbitration proceeding—which, we repeat, was in fact the case—and that the arbitration proceeding was the more appropriate remedy and is the remedy to which plaintiff agreed to bind itself in the policy. P.T.C. further averred that there was no actual controversy in existence between Harleysville and itself, and that there was no legal relationship between the

---

* Italics throughout, ours.

two, and that there was no imminent and inevitable litigation between Harleysville and P.T.C. which could be avoided by a decree in the present action, and, finally, that the subject matter of this action is within the exclusive jurisdiction of the Public Utility Commission.

On February 28, 1968, Judge McDEVITT "ordered, adjudged and decreed that the defendants' preliminary objections are sustained and plaintiff's petition for a declaratory judgment is dismissed." It is clear* that the lower Court did not entertain jurisdiction of plaintiff's action for a declaratory judgment.

In *Mains v. Fulton,* 423 Pa. 520, 224 A. 2d 195, the Court pertinently said (pages 522-523): "In Sheldrake Estate, 416 Pa. 551, 207 A. 2d 802, the Court said (pages 553-554): ' "(1) While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion: 'This Court now adheres to the view that declaratory judgment proceedings must not be entertained if there exists another available and appropriate remedy, whether statutory or not: McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222; State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 180 A. 2d 925.' Lakeland Joint School District Authority v. Scott Township School District, 414 Pa. 451, 200 A. 2d 748. [Footnote omitted.]

" ' "In State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa., supra, the Court said (pages 574-575): 'The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644,

---

*Notwithstanding any comments by the trial Judge in his subsequent memorandum opinion of June 26, 1968 about the lack of clarity and definiteness of the law on the subject of declaratory judgments.

179 A. 2d 222 (1962). Therein we declared, inter alia, *(1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies;* *(2) that it should not be granted where a more appropriate remedy is available;* (3) that it should not be granted unless compelling and unusual circumstances exist; *(4) that it should not be granted where there is a dispute of facts, or such controversy may arise;* and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy.' " ' " Accord: *Allstate Insurance Company v. Seward,* 407 Pa. 628, 182 A. 2d 715; *State Farm Mutual Automobile Insurance Company v. Semple,* 407 Pa. 572, 180 A. 2d 925.

In *State Farm Mutual Automobile Insurance Company v. Semple,* supra, where a judgment was entered on a verdict for the insurance company in a declaratory judgment proceeding, the Court further said (pages 574, 575):

"Fundamentally, whether or not a court should take jurisdiction of a declaratory judgment proceeding is a matter of sound judicial discretion. It is not a matter of right: Keystone Ins. Co. v. Warehousing and Equipment Corp., 402 Pa. 318, 165 A. 2d 608 (1960). Moreover, the question of its availability must be determined by the appellate court on appeal and this is so even though both parties have joined in asking for such a judgment: Stofflet and Tillotson v. Chester H. A., 346 Pa. 574, 31 A. 2d 274 (1943). . . .

"A reading of this record is convincing that the petition should have been dismissed for each and every reason enumerated above. Also, comity betweeen the federal and state courts indicates such a decision."

There was no abuse of discretion or error of law by the Court below in refusing to entertain jurisdiction of the declaratory judgment petition.

Order affirmed.

Mr. Justice COHEN concurs in the result.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I believe that it was proper—although not necessary—for the court below to dismiss this case as not appropriate for declaratory judgment.

Although I do not believe that the court below lacked jurisdiction to entertain declaratory judgment proceedings in the posture of this litigation (see: *Sheldrake Estate,* 416 Pa. 551, 554, 207 A. 2d 802 (1965) (dissenting opinion)), in my view it was clearly a correct exercise of its discretion, see, e.g., *Reese v. Tomsic,* 405 Pa. 380, 175 A. 2d 528 (1961), to decide as it did that arbitration was a more appropriate remedy. And once the court sustained appellee's preliminary objections and dismissed, the case was over and the court's discussion of the merits in its subsequent memorandum opinion was wholly without legal effect.

Since it was a proper exercise of the discretion of the court below to dismiss this case as inappropriate for declaratory judgment, I agree that its decision should be affirmed on that ground alone.

Mr. Justice JONES and Mr. Justice O'BRIEN join in this opinion.