## Commonwealth, Appellant, v. Pomponi.

Argued November 20, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*A. Thomas Parke, III,* Assistant District Attorney, with him *M. Joseph Melody,* Assistant District Attorney, for Commonwealth, appellant.

*Michael B. Kean,* with him *John J. Duffy,* and *Duffy & Kean,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 30, 1970:

Anthony J. Pomponi stands indicted on murder charges. At his arraignment, he entered pleas of not guilty. Upon motion of defense counsel, the court below authorized Pomponi's examination by psychiatrists. After several such examinations, defense counsel indicated to the court that Pomponi's defense would be that of insanity. The Commonwealth then sought permission from the court for the Commonwealth's psychiatrists to examine Pomponi. The court granted the requested permission, qualifying its order to allow defense counsel to be present at the examination, and further providing: ". . . . that in such examination the defendant shall not be required to impart or divulge any information either written, spoken, or otherwise which would in any way tend to incriminate him, but that the examination shall be limited to the observation of his personal characteristics and behavior as may be considered valid and appropriate by the examining physicians in the evaluation of his sanity and to any voluntary statements he may then make;". The order also stated, significantly, that: ". . . all of the above is done without prejudice to the right of the Commonwealth to move for additional or further examinations of the defendant should circumstances which may develop at or prior to trial warrant the making of such an application, . . ."

The Commonwealth is here appealing the order, because the Court did not direct in it that Pomponi cooperate with the examining physicians, on pain of being denied at trial the opportunity to introduce expert testimony on the issue of his insanity.[1]

---

[1] The Commonwealth states in its brief that, at the examination, Pomponi refused to answer any questions or to cooperate with

It is apparent that the instant appeal must be quashed. It has long been the rule that, absent a statute or rule permitting interlocutory appeals, an appeal will lie only from *final* orders. In *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963), this Court discussed the availability of appeal to the Commonwealth after an adverse pretrial order. We held that the Commonwealth may appeal not only where the order will result in an absolute termination of the prosecution, but also where it will result in a prosecution wherein the Commonwealth is substantially handicapped because it cannot present all its available evidence. Although we were there speaking specifically of an appeal from an order suppressing evidence found in an illegal search, the rule has been considered broad enough to cover any appeal from the suppression of evidence. *Commonwealth v. Washington*, 428 Pa. 131, 236 A. 2d 772 (1968). We stated at page 63 in *Bosurgi*: "Without a right of appeal in the Commonwealth . . ., the Commonwealth is completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression which forces the Commonwealth to trial without *all* of its evidence. The evidence suppressed may well mark the difference between success and failure in the prosecution; to deny the Commonwealth its only opportunity of securing an appellate review to determine whether the evidence was properly suppressed is highly unfair to the Commonwealth and the interests of society which it represents." (Emphasis in original).

The Commonwealth is attempting to appeal from an order which carefully preserves the right of the prosecution "to move for additional or further examinations of the defendant should circumstances which may de-

---

the Commonwealth's experts in any way. However, this is not of record.

velop at or prior to trial warrant the making of such an application." The Commonwealth states that the order was totally ineffectual under the conditions attached, and therefore seeks to appeal. However, the record itself does not reveal what occurred at the examination. Moreover, there is nothing final about the order and nothing in it which would indicate that the court below would not have issued some further order, if the examination was indeed totally ineffectual.

There is some language in the court's *opinion* revealing a reluctance to issue a further order. However, we must be governed by the *order* and not by extraneous language in the opinion. *Harleysville M. I. Co. v. Phila. Trans. Co.,* 435 Pa. 316, 321, 255 A. 2d 516 (1969) (Concurring Opinion).

We are always reluctant to permit appeals to interrupt the normal course of proceedings before final judgment below. Particularly in such a sensitive area as this on the frontier of the privilege against self-incrimination, we should not entertain an appeal by the Commonwealth unless the record clearly shows that the Commonwealth is substantially precluded from presenting its case. Such is not the situation here.

The appeal is quashed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

Unlike the majority of this Court, I am of the opinion that the appeal of the Commonwealth should not be quashed. Because the order of the court below possesses the element of *practical finality,* I would permit an appeal therefrom to be entertained by this Court.

The thrust of the majority opinion is that, since the order of the court below granting permission to the Commonwealth for a restricted and limited psychiatric examination of the defendant was entered "without prejudice to the right of the Commonwealth to move for additional or further examinations of the defend-

ant should circumstances which may develop at or prior to trial warrant the making of such an application . . .", the order is not a final, appealable order.

In *Commonwealth v. Byrd*, 421 Pa. 513, 517-19, 219 A. 2d 293, 295, *cert. denied*, 385 U.S. 886 (1966), we held that a pretrial order for a neuropsychiatric examination of a person under indictment for murder was an order which the defendant could not appeal. *Byrd* does not preclude the Commonwealth from taking an appeal from an order which possesses an element of finality. Specifically, the Commonwealth should not be deprived of *any opportunity* to secure an appellate court evaluation of the validity of the restrictions and limitations contained in an order permitting psychiatric examination of the defendant who relies upon legal insanity as a defense. The court below, in its opinion, recognized that the refusal of this Court to entertain an appeal from the instant order will be deleterious to the best interests of the Commonwealth, and stated: "If that rule [the *Byrd* rule] is applied against the Commonwealth now, it will never have been afforded the opportunity of having its contentions answered except by a court of inferior jurisdiction."

In *Commonwealth v. Novak*, 384 Pa. 237, 240, 120 A. 2d 543, 544 (1956), we said, *inter alia*: "Where the interlocutory order, for all practical purposes, presents a somewhat final aspect, an appellate court will review it in order to safeguard basic human rights or to prevent a great injustice to a defendant." In *Commonwealth v. Bosurgi*, 411 Pa. 56, 63, 190 A. 2d 304, 308 (1963), we said, *inter alia*: "Without a right of appeal in the Commonwealth . . . the Commonwealth is completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression which forces the Commonwealth to trial without *all* of its evidence. The evidence suppressed may well mark the difference between success and fail-

ure in the prosecution; to deny the Commonwealth its only opportunity of securing an appellate review to determine whether the evidence was properly suppressed is highly unfair to the Commonwealth and the interests of society which it represents." (Emphasis in original)

It is true that after the limited and restricted psychiatric examination permitted by the order of the court below, the Commonwealth might again, prior to trial, seek to obtain a further psychiatric examination. However, if that privilege were denied or were granted in a restricted manner, then, under the rationale of the majority of this Court, that order also would be interlocutory and not appealable. Moreover, if, during the course of the trial, the Commonwealth sought to have a further psychiatric examination and were denied the right thereto, again, under the rationale of the majority of this Court, such order would not only be unappealable but would unconscionably delay the trial of the case—even if an appeal were permitted. Without in any manner passing upon the validity of the order of the court below, it seems to me that the Commonwealth should, at this stage of the proceeding, have the right to test the validity of that order. Without the opportunity of appellate review, the Commonwealth would have no real opportunity to secure appellate-level review of an order which vitally affects the Commonwealth, particularly where the defense of legal insanity will be relied upon, as in the case at bar.

I would hold that the order of the court below, *for all practical purposes,* possesses such an element of finality that we should entertain an appeal therefrom.

Mr. Chief Justice BELL joins in this dissent.