Gavigan, Appellant, *v.* Bookbinders, Machine Operators and Auxiliary Workers Local Union No. 97.

Argued October 3, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Joseph E. Gallagher,* with him *James W. McNulty,* and *O'Malley, Morgan, Bour & Gallagher,* for appellants.

*Paul A. McGlone,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

Plaintiffs are employes of Haddon Craftsmen and members of defendant union. Defendant union had a contract with Haddon Craftsmen which provided a method by which a roster would be maintained and seniority would be determined. Plaintiffs disapproved the interpretation placed upon the contract by defendant union and Haddon Craftsmen and pursued remedies within the union in order to alter that interpretation. After the remedies provided within the union were exhausted without success, plaintiffs instituted this action in equity seeking thereby to interpret the contract between Haddon Craftsmen and defendant union so that their position on the seniority roster would be changed in accordance with their interpretation, thus placing them in a more secure position on the seniority rolls.

Seniority is an employe's right to continue employment. It is not an inherent or constitutional right; it does not arise from mere employment, but exists by virtue of a contract usually between employer and union, inuring through the union to the benefit of the individual members.

Since this action seeks the interpretation of a contract involving the employer and the union, the failure to join employer as a party-defendant is fatal to the action. Even though suit had been instituted against all the necessary parties, since plaintiffs are still employes of Haddon Craftsmen and had not been damaged by the interpretation placed on the contract by the union, their action must still fail as being premature and not being a justiciable controversy. We should not be called upon to decide future rights in anticipation of an event which may never happen.

Decree vacated. Bill dismissed at appellants' cost.