Bracken, Appellant, v. Duquesne Electric & Manufacturing Company.

494

Argued October 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, EAGEN and O'BRIEN, JJ.

*Vincent M. Casey,* with him *Michael F. Butler,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* and *Margiotti & Casey,* for appellants.

*Donald L. McCaskey,* with him *Robert L. Frantz,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellees.

OPINION PER CURIAM, January 4, 1966:

In a declaratory judgment proceeding, the plaintiffs, owners of certain shares of stock in the Duquesne Electric & Manufacturing Company (Duquesne) sought a determination of their right to vote in connection with the reclassification of shares of stock of the corporation. The court below entertained the action, and, after hearing, entered a declaratory judgment in favor of the defendants. The plaintiffs appealed.

The issue involved depends upon the interpretation of an agreement entered into on December 1, 1958, by

all of the shareholders of Duquesne, a family owned corporation. The record discloses that two individuals, who were shareholders in 1958, and continue to be such today, and who were also parties to the agreement involved, are not parties to, or represented in, this proceeding. This in itself is fatal to the action. See, *Mohney Estate,* 416 Pa. 107, 204 A. 2d 916 (1964), and *Gavigan v. B.M.O. & A. W. Local No. 97,* 394 Pa. 400, 147 A. 2d 147 (1959).

Section 11 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, 12 P.S. §841, requires as an essential requisite, that all parties who have an interest, as well as those who claim or may claim an interest, which would be affected by the relief sought be joined in the proceeding. The two mentioned shareholders clearly have an interest in these proceedings and their voting rights are affected by the judgment. Under such circumstances, the court below should not have entertained the action. See, *Mohney Estate,* supra.

The fact that none of the litigants raised the question is not controlling. Whether or not a declaratory judgment is proper and is an available remedy is the first question for determination on appeal. This is so even though all party litigants join in requesting that the court enter such a judgment. See, *Stevenson v. Stein,* 412 Pa. 478, 195 A. 2d 268 (1963).

Judgment vacated and complaint dismissed.