## Occidental Fire & Casualty Co. v. Lambrecht

*Mark H. Scoblionko,* of *Scoblionko & Scoblionko,* for petitioner.

*George J. Joseph, Charles J. Hair* and *Joseph V. Huber,* for respondents.

DAVISON, J., June 10, 1974.—This is a declaratory judgment proceeding in which Occidental Fire & Casualty Company of North Carolina ("Occidental") seeks a judicial declaration that it be relieved from defending one of its policyholders, Truck City, Inc. ("Truck City") and the operator of one of Truck City's tractors, Gary A. Barry ("Barry"), both of whom are defendants in a pending trespass action for damages.[1] The trespass action has its origin in a collision which occurred on or about November 22, 1972, between an automobile operated by John A. Lambrecht west-wardly and a tractor trailer being operated east-wardly by Barry along Route 222 in Upper Macungie Township, Lehigh County, Pa. Although the tractor being operated by Barry was owned by Truck City, the trailer attached to it was owned by Atco Trailer Rentals ("Atco").

Before us for disposition are Barry's preliminary objections seeking the dismissal of this proceeding.

The petitioner, Occidental, seeks to be relieved of defending the action for damages on the grounds

---

[1] Also pending before the Lehigh County Court to September term, 1973, no. 579.

that: (a) It received untimely notice of the collision in question; (b) at the time of the collision the vehicle in question had been rented, loaned or leased to Valley Storage & Transfer Company of Bethlehem, Pa., ("Valley"), thus excluded from coverage; and (c) since the trailer being towed was not an insured vehicle, the subject policy became inoperative.

The determinative issue raised by the preliminary objections is whether or not the remedy sought, a declaratory judgment, is available under the circumstances presented. Occidental's counsel relies principally upon Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A.2d 295 (1973); as well as Liberty Mutual Insurance Company v. S. G. S. Company, 456 Pa. 94, 318 A.2d 906 (1974), reversing the Superior Court decision reported in 224 Pa. Superior Ct. 12, 302 A.2d 501 (1973); Dent Manufacturing v. Pa. Manufacturers' et al., 32 Lehigh 165 (1966), and American Guarantee & Liability Insurance Company v. Fainor et al., 18 D. & C. 2d 94, 28 Lehigh 188 (1959).

Chief Justice Benjamin Jones, in speaking for the court in Friestad v. Travelers Indemnity Co., supra, after tracing the legislative and decisional history of the Uniform Declaratory Judgments Act in Pennsylvania, made it perfectly clear that declaratory judgment proceedings are no longer to be considered extraordinary remedies. In specifically disavowing a host of prior cases holding declaratory judgments inappropriate where other remedies were available, Friestad interpreted the language of section 6[2] so as to permit a declaratory judgment proceeding by an insured to determine the extent of the insurer's obligation to defend in an action for indemnification by

---

[2] Act of June 18, 1923, P. L. 840 sec. 1-16, as amended, 12 PS §831-846, and Act of May 22, 1935, P.L. 228 sec. 1-7, as amended, 12 PS §847-853.

a third party despite the existence of alternative remedies. That Friestad represents a departure from prior law is evidenced by the subsequent Supreme Court decisions in McIlvaine v. Pennsylvania State Police, 454 Pa. 129, 309 A.2d 801 (1973), and Liberty Mutual Insurance Company v. S. G. S. Company, supra. In McIlvaine, the court on the strength of Friestad, treated a mandamus action before it as one for declaratory judgment.

In Liberty Mutual Insurance Company v. S.G.S. Company, the insurer had a liability insurance policy covering the property of S.G.S. Company. A fire occurred on the premises of S.G.S. causing water damage to the property of various occupants as well as the owner thereof who filed actions in trespass against S.G.S. The insurer instituted an action for declaratory judgment, seeking an adjudication of non-liability against S.G.S. as well as all of the other plaintiffs in the trespass actions, predicating lack of responsibility upon the alleged failure of the insured to provide written notice in accordance with the terms of the contract of insurance. The lower court sustained a motion to dismiss due to the availability of another remedy and the presence of a dispute of fact. The Superior Court affirmed, and the Supreme Court granted allocatur. That was the posture of the case when counsel presented oral argument to this court in the case at bar.

The Supreme Court, in an opinion filed May 2, 1974, reversed the Superior Court and specifically held that the mere existence of a factual question does not preclude declaratory judgment relief. Justice Nix, in speaking for the court, rejected a number of earlier decisions holding to the contrary, including Keystone Insurance Co. v. Warehousing & Equip. Corp., 402 Pa. 318, 165 A.2d 608 (1960), relied upon by Barry's counsel here. The court said, at page 100:

"Therefore we hold that the mere existence of a factual question does not divest a court of discretion in permitting a declaratory judgment action. Furthermore, that the dispute is solely a factual one and does not involve the interpretation of a document will not necessarily preclude the action. Section 5 of the Act, Act of June 18, 1923, P. L. 840, §5, 12 PS §835, provides that the enumerated uses in sections 2 and 3 of the Act, which allow the action in the case of construction of documents and the administration of trusts and estates, are not exclusive uses. The question then, in determining the appropriateness of the action is whether the dispute meets the criteria set forth in section 6 of the Act, cited at note 2 supra. In pertinent part that section provides for the action 'in all cases where an actual controversy exists . . . or where . . . antagonistic claims are present . . . which indicate imminent and inevitable litigation . . . or where . . . a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that . . . there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein . . .'

"In the instant appeal it is uncertain whether the dispute involves solely a factual question as to whether the notice provision in the policy was in fact complied with, or instead involves a construction of the policy as to whether notice is required as a condition of recovery. Even in the former instance the inquiry as to the appropriate exercise of discretion is to be guided by section 6 of the Act."

In a separate but concurring opinion, Chief Justice Jones stated:

"Although this Commonwealth was one of the first to adopt the uniform act, our courts early engrafted

two conditions precedent to the use of the declaratory judgment procedure which have remained unique to Pennsylvania: (1) that there must not be established and existing common law or equitable remedy; and (2) that there must be no dispute of fact in the case. See P. Amram, A Look at Declaratory Judgments in Pennsylvania today, 41 Pa. Bar Ass'n Q. 384 (1970). As the majority points out, these court-made limitations are inconsistent with the statute as originally enacted and as amended.

"In Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A.2d 295 (1973), this Court finally abandoned the first of these aberrant limitations; I am pleased to see that the Court today discards the other. The existence of a factual question can no longer remove the trial court's discretion to allow a declaratory judgment proceeding. To the contrary, following today's decision, the existence of a factual dispute can play no part in the exercise of the trial court's discretion in this regard."

The only remaining argument of any substance advanced by Barry is whether or not all parties who would be affected by a determination in this proceeding are before the court. First, he points to section 11 of the act:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

He argues that while Occidental has named Michelina V. Lambrecht, successor in interest to the late John A. Lambrecht, Truck City and himself, the petitioner has neglected to name Valley, Atco, and their insurance companies, if any, as parties.

We are inclined to agree with the petitioner that by naming all of the entities here who are the parties in the trespass action that all those, ". . . who have or claim any interest which would be affected . . ." by a determination of coverage are present. In so recognizing, however, we do not by this decision intend to foreclose the proper joinder of any additional parties.

We believe that Friestad and Liberty Mutual signal the advent of an appellate court policy favoring the more widespread use of declaratory judgment proceedings in appropriate cases. Consequently, in our view, while there does remain decisional authority for withholding declaratory judgment relief unless all parties are before the court (see for example, Carlsson v. Pennsylvania General Insurance Co., 417 Pa. 356, 207 A.2d 759 (1965); Insurance Co. of State v. Lumbermen's Mut. Cas. Co., 405 Pa. 613, 177 A.2d 94 (1962); and Erie Insurance Exchange v. The Aetna Casualty & Surety Co., 35 Lehigh 60 (1972)), undoubtedly that heretofore recognized limitation is in some degree of jeopardy and may soon fall.[3]

We conclude, therefore, that the preliminary objections are without merit.

## ORDER

Now, June 10, 1974, it is ordered that the preliminary objections of defendant, Gary A. Barry, be and the same are hereby dismissed and said defendant, Gary A. Barry, may, if he chooses to do so, answer on the merits within 15 days after notice of this order shall have been given to his attorney in accordance with Act of May 22, 1935, P. L. 228, sec. 5, 12 PS §851.

---

[3] See, for example, the concurring opinion of Chief Justice Jones in Liberty Mutual Insurance Company v. S.G.S. Company, supra.