442 A.2d 767

MORAINE VALLEY FARMS, INC., Robert Kwalwasser and his wife, Barbara Kwalwasser; Joseph Kudamik, Jr., and his wife, Melody Kudamik; William Cahill and his wife, Grace Cahill; David Irwin and his wife, Constance Irwin, Appellants,

v.

CONNOQUENESSING WOODLANDS CLUB, INC., John Getze, John Miller, Edward Sharak, Lee Fry, Elizabeth Gaitens, Robert Bollen, Catherine Moffat, Marie Harper, and Raymond Urbash.

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed March 5, 1982.

Robert J. Stock, Butler, for appellants.

Robert A. Lebovitz, Pittsburgh, for appellees.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

This is an appeal from an Order sustaining Appellees' preliminary objections and dismissing Appellants' petition for declaratory judgment and other relief.[1] Appellees filed preliminary objections,[2] questioning petitioner's legal right to have the disputed matter determined in a declaratory judgment proceeding, inasmuch as all of the property own-

[1]. Appellants did not seek leave to amend their petition in the court below.

[2]. Appellees' preliminary objections were filed pursuant to 12 Pa.Stat. Ann. § 851 (Purdon 1953), which was repealed by the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, No. 53, § 2(a) effective June 27, 1980. At the time Appellees' preliminary objections were filed, however, Section 851 was still effective.

ers and the current governing body of the Connoquenessing Woodlands Club, Inc. (hereinafter Club) were not made parties to the action. The Chancellor held that all persons holding regular or transferable memberships, and non-member landowners, should have been joined since they might have interests adverse to the parties. We agree and therefore affirm.

■ In considering preliminary objections in the nature of a demurrer to a petition for a declaratory judgment, the truth of all well-pleaded averments of fact made in the petition must be accepted as true. *See Melnick v. Melnick,* 147 Pa.Super.Ct. 564, 25 A.2d 111 (1942). The court below properly disregarded factual matters set forth in Appellees' preliminary objections and considered only the averments in Appellant's petition. Those averments disclose the following pertinent facts. Connoquenessing Resorts, Inc. originally owned tracts of land in Butler County, laid out as Connoquenessing Woodlands Plan of Lots, Plans one through seven inclusive. To provide recreational facilities for the lot owners, the Club was chartered in 1961, and its charter was amended in 1969. The original charter provided that authorized membership "shall be limited to lot owners of lots located in Connoquenessing Resorts, Inc. Plan of lots 1 through 7". In 1969, a court appointed receiver of Connoquenessing Resorts, Inc. conveyed all remaining unsold lots in the Connoquenessing Woodlands Plan of Lots to Moraine Manor, Inc. and the latter subsequently conveyed most of those lots to Appellant, Moraine Valley Farms, Inc. Additionally, the receiver conveyed certain real estate, including club house facilities, to the Club, the deed of conveyance reserving to Connoquenessing Resorts and Moraine Manor, Inc., their successors and assigns, and all future lot owners, the right to use the Club facilities.

The by-laws of the Club provide as follows: two classes of membership, regular and transferable; transferable memberships are available to owners of lots in the Plan who contribute $500.00 to the Club; transferable members are eligible to vote on all matters concerning the affairs of the

Club; the Board of Governors elects the officers of the Club who must be transferable members; a transferable membership may be sold to another lot owner and resident upon approval by a two-thirds majority of the Board of Governors; upon dissolution of the Club, all assets and property are to be distributed among transferable members; regular memberships are available to owners of lots in the Plan who pay annual dues of $50.00; no transfer option is available to regular members; a regular member may vote only in the election of members of the Board of Governors; upon dissolution of the Club, none of the assets or property are to be distributed to holders of regular memberships.

Appellants all own lots in the subject Plan. Appellants Mr. and Mrs. Kudamik and Mr. and Mrs. Irwin are regular members of the Club. Appellants Mr. and Mrs. Cahill are transferable members of the Club. Appellants Moraine Valley Farms, Inc. and Mr. and Mrs. Kwalwasser own property in the Plan but are not Club members.

Appellants' petition requested that the Chancellor declare the by-laws of the Club to be invalid. Appellant Moraine Valley Farms, Inc. avers that when it wished to exhibit the premises to prospective purchasers, it was denied access to the Club's facilities. All Appellants aver that the Club's by-laws are in conflict with its charter and the Pennsylvania Non-Profit Corporation Law of 1972, 15 Pa.Cons.Stat.Ann. § 7751(a) (Purdon Supp.1981); that Appellees Getze, Miller, Sharak, Fry, Gaitens, Bollen, Moffat, Harper and Urbash, acting as the Board for the Club, refused to permit recent or prospective purchasers to apply for or become Club members and terminated existing members who disagreed with the Board's policies; and that the individual Appellees threatened to dissolve the Club to benefit themselves as transferable members.

Appellants contend that the Chancellor erred in concluding that all members of a non-profit corporation must be joined in a declaratory judgment action. This is a substantial misstatement of the Chancellor's holding. Rather, the Chancellor concluded that all persons, other than Appellees,

owning property to which the alleged right to membership inured, and all persons holding regular and transferable memberships, might be affected by the grant of a declaratory judgment. T.C. Slip Op. at 4. Inherent in this conclusion is the premise that such persons might be adversely affected by the declaration. The Chancellor noted that Appellants have not asserted that they are acting as representatives of the class of parties who may be affected by a declaratory judgment, *Id.* at 5. The Chancellor also concluded that, because the rights of all are so intertwined, a decree could not be formulated so that parties not present would not be affected. *Id.* at 5.

■ The Uniform Declaratory Judgments Act did not authorize a court to act unless all interested persons are joined as parties.[3] See, *Mains v. Fulton*, 423 Pa. 520, 224 A.2d 195 (1966); *Bracken v. Duquesne Electric & Manufacturing Co.*, 419 Pa. 493, 215 A.2d 623 (1966); *Carlsson v. Pennsylvania General Insurance Co.*, 417 Pa. 356, 207 A.2d 759 (1965).[4] The burden of proving that all interested persons have been made parties to the action, or have received reasonable notice, is on the petitioner. See, *Sloane-Wheeler Corp. v. Odeseos*, 154 Conn. 705, 226 A.2d 508 (1967).

■ The mere failure to join interested parties, however, does not necessarily bar a declaratory judgment action. Where the parties, either plaintiffs or defendants, who

**3.** 12 Pa.Stat. § 841 provided, inter alia:
—When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.
Section 841 was repealed by JARA, *supra.* The Act of July 9, 1976, P.L. 586, No. 142 § 2, effective June 27, 1978, 42 Pa.Cons.Stat.Ann. § 7540 (Purdon 1981), which is derived from 12 Pa.Stat. § 841, retains the above stated requirement regarding parties to a declaratory judgment proceeding.

**4.** Thus, in *Mains,* our Supreme Court concluded that the fact that all other owners in a development were not joined precluded the developer's declaratory action against lot owners who refused to permit the power company to relocate its lines through their property.

would be affected by a judgment are so numerous that it would be impracticable to bring them all before the court, it has been recognized that the bringing of a declaratory judgment action as a class action, in which the parties appear by representation, is permissible under Section 841. Anno: Declaratory Judgments Parties, 71 ALR 2d 723, 735 (collecting cases); *See e.g., Lozoff v. Kaisershot,* 11 Wis.2d 485, 105 N.W.2d 783 (1960) (In action for declaration of proper construction of deed restrictions in subdivision, plaintiff not precluded from maintaining class action against twenty-four lot owners as representative defendants).

■ We agree with the Chancellor that it is an over-simplification to conclude that all other property owners have the same interests and are adequately represented by the Club. Absent certification of the Club and/or the Appellants as a class representing the interests of property owners and Club members not parties to this action, we conclude that the Chancellor did not abuse his discretion in declining to hear the matter in a declaratory judgment proceeding.[5]

Without reaching the merits of the allegations set forth in Appellant's petition for declaratory judgment, it is apparent that there are Club members and property owners, not parties to this action, who may have conflicting interests in the resolution of this issue. For example, persons holding transferable memberships might favor a limited right of access to the Club for purposes of displaying the facilities to prospective purchasers. That position may be in conflict with the position of both Appellants and Appellees. Some holders of regular memberships may oppose Appellants' efforts to obtain access to the Club for "display" purposes, yet agree with Appellants in opposing dissolution of the Club. Some nonmembers who currently own property in the plan of lots may oppose Appellants' efforts to obtain the right for prospective purchasers to join the Club while

5. Pa.R.C.P. 1701 et seq. governs the procedure for class actions. Appellant did not proceed in accordance with these rules and did not attempt to seek certification of this case as a class action. *See* Pa.R.C.P. 1707.

wishing to retain their rights as existing property owners to join the Club. This partial list of potential conflicts between the named parties and other lot owners makes it clear that all lot owners must be joined to protect the rights of all persons who might be adversely affected by a declaratory judgment.

Appellants' second contention, that the Chancellor erred in relying on the availability of an adequate statutory remedy as a basis for declining to hear the matter is likewise without merit. Although the Chancellor noted the availability of a remedy pursuant to the Corporation Not for Profit Code, 15 Pa.Cons.Stat.Ann. § 7101 (Purdon Supp.1980), the Chancellor did not sustain the preliminary objections on that ground.

Affirmed.

The decision in this case was reached prior to the expiration of Judge SHERTZ's commission on the Superior Court of Pennsylvania.