360 Pa. Superior Ct. 319 (1987)
520 A.2d 477
PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, Liquidator of Amherst Insurance Company, Appellant,
v.
Tammy A. SCHREFFLER, Executor of the Estate of Richard Schreffler, Appellee.
Supreme Court of Pennsylvania.
Argued October 23, 1986.
Filed January 27, 1987.
*320 Edward J. Carney, Jr., Media, for appellant.
W. Russell Carmichael, Media, for appellee.
Before WIEAND, OLSZEWSKI and CERCONE, JJ.
OLSZEWSKI, Judge:
This is an appeal from a declaratory judgment filed by the Court of Common Pleas of Delaware County. Appellant, the Pennsylvania Insurance Guaranty Association ("PIGA"), sought a determination of the total amount of funds available to appellee under a contract of insurance issued by Amherst Insurance Company ("Amherst") to Richard Keenan, t/a Keenan's Tavern ("Keenan's Tavern"). Amherst Insurance Company is now insolvent and the PIGA is handling pending claims pursuant to applicable law. 40 Pa.Stat.Ann.Sec. 1701.101 et seq. Because the Amherst insured, an indispensable party, was not joined, we vacate the judgment and dismiss the action.
Appellee, Tammy Schreffler, executrix of the estate of Richard Schreffler, is a claimant against the Amherst insurance policy by virtue of a September 5, 1981 automobile accident in which appellee's decedent, the driver, was fatally injured. The accident also resulted in injuries to a passenger in the deceased's car, George Burns. Appellee and Burns each filed suit in the Court of Common Pleas of Delaware County against Richard Keenan and Jean Keenan, t/a Keenan's Tavern.[1] These cases involved claims against Keenan's Tavern for serving alcoholic beverages to appellee's decedent and Burns while the two were visibly intoxicated. According to appellant, at the time the two cases were called for trial, all parties agreed to the Honorable Charles Keeler's recommendation that the Burns case *321 be settled for the $25,000 coverage available, and that a declaratory judgment proceeding be brought to determine whether any coverage was still available under the Amherst insurance contract.[2] Complaint for declaratory relief, paragraph 11.
Appellant subsequently filed the instant action on June 20, 1985 seeking a declaration that no coverage was available for appellee Schreffler under the Amherst policy. The policy provided Keenan's Tavern with both premises liability coverage and liquor liability coverage. The premises liability coverage insured against bodily injury in the amount of $50,000 for each occurrence with a $50,000 aggregate limit. The liquor liability insurance provided maximum coverage of $25,000 for each common cause with a $50,000 aggregate limit. Appellant argued in the lower court that none of the premises coverage is available to appellee because exclusion H applies. Exclusion H excludes coverage for ". . . bodily injury or property damage for which the insured or his indemnitee may be liable (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages. . ." Appellant also asserted that no liquor liability coverage is available by virtue of the $25,000 payment to the claimant Burns. Appellant argued below and contends on appeal that any injuries received by Burns and appellee's decedent resulted from the common cause of the serving of the decedent.[3] The liquor liability coverage provides that:
The limit of liability stated in the schedule as applicable to each "common cause" is the total liability of the company for all damages sustained by one or more persons *322 as the result of the selling, serving or giving of any alcoholic beverage to any one person.
Under appellant's interpretation of the policy, the $25,000 settlement with Burns exhausted the maximum amount of liquor liability coverage available and therefore left nothing available to appellee in its suit against Keenan's Tavern.
On May 27, 1986, Judge Keeler entered an amended judgment which declared that (1) appellant has no obligation to appellee under the insurance policy's premises liability coverage and (2) appellee has the right to seek compensation under the policy's liquor liability coverage up to an amount of $25,000. Appellant subsequently filed this appeal challenging the trial court's decision that appellee has a right to seek compensation under the liquor liability coverage.
Whether or not a declaratory judgment is proper and is an available remedy is the first question for determination on appeal. Bracken v. Duquesne Electric & Manufacturing Co., 419 Pa. 493, 495, 215 A.2d 623, 624 (1966). Instantly, appellee challenges the trial court's jurisdiction to issue a declaratory judgment. Specifically, appellee contends that jurisdiction is lacking due to the failure to join an indispensable party  the insured under the Amherst insurance policy. We agree.[4]
When declaratory relief is sought, our Declaratory Judgments Act mandates that all persons who have or claim any interest which would be affected by the declaration be made parties to the proceeding. 42 Pa.Cons.Stat.Sec. 7540. This statutory provision constitutes a jurisdictional requirement with respect to joinder of indispensable parties. See Vale Chemical Co. v. Hartford Accident and Indemnity Co., 512 Pa. 290, 516 A.2d 684 (1986). We must therefore *323 determine whether the insured in the case at bar had or claimed any interest which would have been affected by the declaration. We find that Keenan's Tavern had such an interest and therefore should have been joined as a party to this proceeding.
In its request for declaratory relief, appellant asked the trial court to interpret the Amherst insurance policy with respect to the coverage available for appellee's suit against Keenan's Tavern. Clearly, Keenan's Tavern had an interest in seeing that the court construed its insurance policy as providing the maximum amount of coverage possible for any judgment entered against it in the Schreffler action. Keenan's Tavern also had an interest in ensuring that appellant performed its obligations to defend Keenan's Tavern in the Schreffler action.[5] Obviously, these interests have not been represented by appellant, who contended below and contends on appeal that no coverage is available under the policy.
Prior case law supports our conclusion that Keenan's Tavern, the insured, is an indispensable party in this action. Our Supreme Court recently reaffirmed the rule that persons asserting claims against an insured are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and its insurance carrier. Vale Chemical Co. v. Hartford Accident and Indemnity Co., supra. In such cases the failure to join a claimant whose interests would be affected has been held to be fatal error. Id. In Vale Chemical, the court indicated that the *324 tort plaintiff's interest was in seeing that an insurance company paid the judgment against its insured.
In the instant case, the legal relation of Keenan's Tavern to appellant is arguably even stronger than that in the foregoing cases in which the claimants against the insurance carrier's insured were ruled indispensable. Here, Keenan's Tavern has a direct contractual relationship with the carrier whose claims appellant is handling. Ostensibly, Keenan's Tavern entered into the insurance contract in question to limit its obligations with respect to claims such as those involved in appellee's action against it. These are the very obligations which would have been affected by the declaration sought. See Piper Aircraft v. Insurance Company of North America, 53 Pa.Commw. 209, 417 A.2d 283 (1980) (court concluded that the Pennsylvania Department of Transportation, an insured, was an indispensable party to a declaratory judgment action by a co-insured against its insurance carrier regarding the contractual duty to defend). See also Insurance Company of Pennsylvania v. Lumbermens Mutual Casualty Company, 405 Pa. 613, 177 A.2d 94 (1962).
Because we find that Keenan's Tavern is an indispensable party who has not been joined, the jurisdictional requirements of the Declaratory Judgments Act have not been met. Accordingly, we do not address the merits of this appeal.[6]
The amended judgment of the Court of Common Pleas of Delaware County is vacated and the action is dismissed.[7]
NOTES
[1] Appellee's suit was filed under No. 82-5335 while Burns's action was brought under No. 83-7491.
[2] Appellee, however, claims that its counsel was not present when the settlement was achieved between the parties to the Burns case and that it "did not agree that any policy coverages previously determined were in doubt or subject to re-examination due to the Burns settlement, or for any other reason." Defendant's answer to complaint for declaratory relief, paragraph 11.
[3] Appellant, however, reserved the right to contend in any subsequent trial that the decedent and Burns were not served while intoxicated. Complaint for declaratory relief, paragraph 13.
[4] Even if appellee had not raised this issue, Pa.R.C.P. 1032(2) allows a court to raise sua sponte issues of subject matter jurisdiction and failure to join an indispensable party. Vale Chemical Co. v. Hartford Accident and Indemnity Co., 512 Pa. 290, 516 A.2d 684 (1986).
[5] Presumably, if the court determined that no coverage was available, appellant would have refused to defend Keenan's Tavern in appellee's action. See Section 1701.201(b)(1)(ii) of the Pennsylvania Insurance Guaranty Association Act which provides:

(1) The association shall:
.....
(ii) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent.
40 Pa.Stat.Ann.Sec. 1701.201(b)(1)(ii) (emphasis added).
[6] We note that appellant did not file a motion for post-trial relief. Although we do not address the issue in view of our disposition of the matter, we observe that the statutory section providing that a declaration shall have the force of a final judgment or decree, see 42 Pa.C.S.A. Sec. 7532, does not render a declaratory judgment immediately appealable in derogation of the normal rules of procedure. Hertz v. Hertz, 302 Pa.Super. 259, 261, 448 A.2d 626, 627 (1982). See Pa.R.C.P. 1601(a), 227.1.
[7] Assuming personal jurisdiction can be had, joinder of Keenan's Tavern would give the trial court jurisdiction to entertain this action.