J. A03012/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

STEWART TITLE GUARANTY COMPANY   :   IN THE SUPERIOR COURT OF
                                                    :           PENNSYLVANIA
                                                    :
                    v.                              :
                                                    :
JOHN MCCLAIN AND MITCHELL PRINCE,   :
                                                    :
                   Appellants         :       No. 3423 EDA 2014

Appeal from the Order Dated October 20, 2014
In the Court of Common Pleas of Montgomery County
Civil Division No(s).: 2010-36314

BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 12, 2016**

Appellants John McClain and Mitchell Prince, defendants below, appeal from the Order dated October 20, 2014, granting summary judgment to Appellee Stewart Title Guaranty Company, plaintiff below, in its declaratory judgment action regarding title insurance Appellee issued to Appellants. The trial court properly concluded that Appellee was not obligated to defend and indemnify Appellants in a quiet title action that U.S. Bank filed against the property at issue and we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

This action is the fourth action pertaining to a parcel of land in Lower Merion Township known as 624 Montgomery School Lane (the "Property").

The following facts, gleaned from the certified record and our prior opinions, are relevant to the instant action.

In 2001, Michael and Theresa Power purchased the Property. The deed recorded in Montgomery County at that time included a legal description of the Property as two adjoining parcels – Lot A, a vacant lot; and Lot B, upon which a house sits ("2001 Deed").

In 2002, the Powers consolidated the lots into a single lot by deed in order to obtain a swimming pool permit ("2002 Deed of Consolidation"). The conjoined property was assigned a single tax parcel number and is known by a single address of 624 Montgomery School Lane.

In 2005, Appellants entered into an Agreement of Sale to purchase the Property from the Powers. Prior to closing, Appellants obtained title insurance from Appellee. Appellee utilized the services of Northeast Executive Abstract ("NE Abstract") to provide the correct legal description of the Property for title insurance, the vesting deed, and the mortgage.

Several days before settlement, Appellee issued a five-page title commitment. Schedule C on the fifth page, however, incorrectly listed the legal description for the Property. Instead of listing the consolidated legal description for both Lot A and Lot B, the legal description listed Lot A only. The title insurance policy was amended on September 23, 2005, approximately two months after the sale, but still listed the incorrect legal description for the Property.

When Appellee prepared the deed for the 2005 sale, Appellee repeated the error from the title commitment and only listed the legal description for Lot A ("2005 Deed").

At closing, Appellants borrowed $825,000 from Wells Fargo to buy the Property. Appellants' mortgage recited the proper address and tax parcel number for the entire Property, but contained the same error as the other documents: a legal description for the Property that only listed Lot A. No one realized that the legal description in the 2005 Deed, title insurance policy, and mortgage was incorrect.

### Mortgage Foreclosure/Quiet Title Action – Montgomery County

Sometime after 2006, Appellants stopped paying their mortgage, and in March 2009, U.S. Bank filed a mortgage foreclosure action against the Property in Montgomery County.[1] It was during the pendency of the foreclosure action that U.S. Bank and Appellants discovered that the legal description of the Property in the 2005 Deed and mortgage was incorrect and only reflected the legal description of Lot A and not the legal description for the consolidated Lot A and Lot B.

On June 14, 2010, U.S. Bank filed a quiet title action in Montgomery County against Appellants and the Powers, seeking, among other things, reformation of the legal description in the 2005 Deed as well as the

---

[1] In 2006, Well Fargo transferred the mortgage on the Property to U.S.Bank.

mortgage. The court consolidated the quiet title and mortgage foreclosure actions.

Both U.S. Bank and Appellants filed Motions for Summary Judgment. The trial court granted U.S. Bank's Motion for Summary Judgment, holding that the legal description be reformed to reflect the consolidation of Lot A and Lot B, placing the mortgage in first position, and entering an *in rem* judgment against the Property. **US Bank National Association v. McClain**, No. 3062 EDA 2014 (Pa. Super. filed Oct. 16, 2015), slip op. at 6 (citation omitted).  Appellants appealed and this Court affirmed.

### Quiet Title Action - Delaware County

In June 2010, Appellee contacted the Powers, who executed a "2010 Deed of Correction" that mirrored the legal description in the 2002 Deed of Consolidation and listed the legal description of the Property to include the consolidation of Lot A and Lot B.  The 2010 Deed of Correction did not, however, include that Appellants were joint tenants with right of survivorship.  The Powers did not deliver the 2010 Deed to Appellants.

In August 2011, while the U.S. Bank mortgage foreclosure/quiet title action was pending in Montgomery County, Appellants filed an action in Delaware County against the Powers. Appellants sought to amend the legal description in the 2005 Deed to show that the Property consisted of two unconsolidated lots as described in the 2001 Deed and to list Appellants as joint tenants with right of survivorship.

After a bench trial, Judge Green issued an order rejecting Appellants position that the 2005 Deed should list the lots as unconsolidated. Rather, Judge Green ordered that the legal description of the Property in the 2005 Deed reflect the consolidation of Lots A and B as set forth in the legal description in the 2002 Deed of Consolidation. The trial court also listed Appellants as joint tenants with the right of survivorship.

Appellants appealed and this Court affirmed the Delaware County Order. This Court further held that Appellants had constructive notice at closing that they were purchasing Lots A and B, which the Powers consolidated in the 2002 Deed of Consolidation. ***See John L. McClain and Mitchell Prince v. Michael V. Power and Theresa Power,*** No. 1933 EDA 2013 (Pa.Super. filed Sept. 18, 2014), slip op. at 20.

**The Instant Declaratory Judgment Action**

After U.S. Bank filed its quiet title action in Montgomery County, Appellants demanded that Appellee defend and indemnify them in the mortgage foreclosure/quiet title action that U.S. Bank filed in Montgomery County pursuant to the terms of the title insurance policy.[2] Appellee refused to defend and indemnify Appellants, and instead commenced the instant action in Montgomery County by filing a Complaint for Declaratory Judgment, pursuant to the Uniform Declaratory Judgments Act, 42 Pa. C.S.

---

[2] Appellants ultimately admitted that Appellee was not responsible for defending or indemnifying them in the mortgage foreclosure action.

§§ 7531 et seq., seeking a declaration that Appellee is not obligated to defend or indemnify Appellants in the quiet title action that U.S. Bank filed in Montgomery County.

All parties filed Motions for Summary Judgment. Judge Del Ricci granted Appellee's motion, finding that the title insurance policy did not require Appellee to indemnify and defend Appellants in the Montgomery County action. The court also denied Appellants' Motion for Summary Judgment. Appellants timely appealed.

## ISSUES

Appellants raise the following eight issues for our review:

1. Must this action be dismissed for failure to join US Bank and Northeast Executive Abstract Agency, which have a "claim or interest which would be affected by the declaration" making them necessary and indispensable parties?

2. Must the Plaintiff, Stewart Title Insurance Guaranty Company, provide a defense to the plaintiffs in a quiet title action under the policy of title insurance when the allegations in the complaint attack the Defendants' title to their property and the policy covers defects in the title?

3. Must the Plaintiff, Stewart Title Insurance Guaranty Company, defend attacks on the Defendants' title to their property that claim it is not described as actually insured?

4. Did the court err in granting summary judgment in finding no duty on the part of Stewart Title Guaranty Company to defend or indemnify the defendants which Stewart failed to produce the policy of insurance in question?

5. Must the Defendant [*sic*], Stewart Title Insurance Guaranty Company, provide a defense and indemnity to the plaintiffs in a quiet title action when the defendants did not have actual notice of the defects in their title as insured but only had contractive

notice and the policy provides coverage when there is only constructive notice?

6. Must the Plaintiff, Stewart Title Insurance Guaranty Company, indemnify the Defendants when they suffered a demonstrated loss as a result of Stewart's error in insuring the property was two separate lots when there was actually a deed of consolidation recorded before settlement that was not disclosed to the plaintiffs and which diminished the property's value?

7. Did the court err in granting summary judgment to the plaintiff when defects in the Defendants' title as alleged in the quiet title complaint were solely created by Stewart Title and not by the Defendants?

8. Must the Plaintiff, Stewart Title Insurance Guaranty Company, provide a defense to the Defendants in a quiet title action under the policy of title insurance when the quiet title action is funded by the Plaintiff and the policy obligates the Plaintiff to pursue all legal actions at its own expense and not at the expense of the Defendants?

Appellants' Brief at 3-4.

### **LEGAL ANALYSIS**

We review an Order granting summary judgment to determine whether the trial court abused its discretion or committed an error of law. ***Criswell v. Atl. Richfield Co.***, 115 A.3d 906, 908 (Pa. Super. 2015) (citation omitted). Our scope of review is plenary. ***Id***. As this Court has held:

In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is

> entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

***Id***. at 908-909 (citation omitted).

We review a trial court's decision in a declaratory judgment action narrowly. "Because declaratory judgment actions arise in equity, we will set aside the judgment of the trial court only where it is not supported by adequate evidence". ***Nationwide Mut. Ins. Co., v. Cummings***, 652 A.2d 1338, 1340-41 (Pa.Super. 1994) (citations omitted). "The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence." ***Id***. at 1341 (citations omitted).

## **Issue # 1**

In their first issue, Appellants aver that U.S. Bank, as the plaintiff in the underlying quiet title action, and NE Abstract are indispensable parties to this action because they have a "claim or interest which would be affected by the declaration" regarding insurance coverage. Appellants conclude that because neither the bank nor the abstract company were joined in the declaratory judgment action, our courts have no jurisdiction.

The Declaratory Judgments Act provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of person not parties to the proceeding." 42 Pa.C.S.

- 8 -

§7540. Courts do not have jurisdiction to consider a declaratory judgment action if the proper parties are not joined. ***Pennsy. Ins. Guar. Ass'n v. Schreffler***, 520 A.2d 477 (Pa.Super. 1987).

An indispensable party is "one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights...." ***Columbia Gas Transmission Corp. v. Diamond Fuel Co*.**, 346 A.2d 788, 789 (Pa. 1975).

Appellants rely on ***Vale Chemical Co. v. Hartford Acc. and Indem. Co.***, 516 A.2d 684 (Pa. 1986). Vale had manufactured and sold diethylstilbestrol ("DES"). After a DES victim sued Vale, Vale filed a declaratory judgment action against its insurers to determine whether the insurance policies at issue provided Vale coverage for the DES lawsuit and thus, the insurers had a duty to defend Vale in those lawsuits. The trial court granted summary judgment in favor of Vale against the insurance companies, and this Court affirmed. The Supreme Court reversed, and held that the DES victim was an indispensable party to the Declaratory Judgment action because she had an interest in whether Vale had insurance coverage for her lawsuit against Vale.

The Pennsylvania Supreme Court has honed the test to determine whether a party is an indispensable party to an action, and has held that the court should consider at least these four factors:

1. Do the absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties.

**Mechanicsburg Area School District v. Kline**, 431 A.2d 953, 956 (Pa. 1981).

In this case, the sole issue is whether Appellees must provide title insurance coverage to the Appellants. This is purely a case of contract interpretation. U.S. Bank, who filed a mortgage foreclosure action against Appellants and sought to have the 2005 Deed reflect the parties' intention at closing, has no interest in whether the Appellee will defend and indemnify Appellants in a quiet title action. U.S. Bank's sole interest is to exercise its right to collect a debt that Appellants did not pay and the court will not adjudicate that right in this Declaratory Judgment action.

Similarly, NE Abstract has "no claim or interest which would be affected by the declaration under the insurance policy." As discussed later in this Opinion, the analysis in this Declaratory Judgment action is whether the litigation in Montgomery County was a "claim adverse" to Appellants' property interest. Even assuming that NE Abstract mistakenly listed an incorrect property description, NE Abstract has "no right or interest essential to the merits" of whether the language of the title insurance policy imposes on Appellee the obligation to indemnify and defend Appellants.

We also find the analysis in **Vale** to be inapposite. **Vale** involved the rights of a third party who could potentially benefit from the interpretation of the insurance policy. In this case, the only potential beneficiaries from the court's interpretation of the insurance policy are Appellants. Neither U.S.Bank nor NE Abstract will ever benefit from the court's interpretation. Accordingly, they are not indispensable parties and Appellants' first issue, thus, fails.

### Issues # 2, 3, 5, and 8

Appellants' second, third, fifth, and eighth issues all relate to the interpretation of the title insurance contract and its application in the quiet title action. Appellants argue that because the quiet title action "attacks [Appellants'] title to their property, [Appellee] must now be compelled to honor that portion of the policy that contractually requires it to pay the costs, attorneys' fees and expenses incurred in defense of the title as insured." Appellants' Brief at 24, 45 and 47.

Appellants specifically argue that pursuant to paragraph 4 of the title insurance policy, Appellee must provide Appellants with their "costs to defend the actions brought by [Appellee] in the first place." We disagree.

The interpretation of an insurance policy is a question of law. ***Travelers Cas. & Sur. Co. v. Castegnaro***, 772 A.2d 456, 459 (Pa. 2001). "When interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement. When

the policy language is clear and unambiguous, the court must give effect to the language of the contract." *Id*.

The title insurance contract at issue requires Appellee to indemnify and defend Appellants in litigation "in which any third party asserts a **claim adverse** to the title or interest as insured." Title Insurance Policy, Amended Complaint for Declaratory Judgment, Exhibit A (emphasis added). Paragraph 4 of the policy provides that Appellee "shall have the right, at its own cost, to institute and prosecute any action … which in its opinion may be necessary or desirable … to prevent or reduce loss or damage to the insured." *Id*.

Neither party has asserted that there is ambiguity in the language of the contract and we discern none. We, thus, turn to Appellants' issues.

We first note that the purpose of title insurance is to "indemnify those who **actually** suffer the loss" and "to cover possibilities of loss through defects that may cloud or invalidate titles." *Sattler v. Phila. Title Ins. Co.*, 162 A.2d 22, 25 (Pa.Super. 1960)(emphasis added), and *Rood v. Commonwealth Land Title Insur. Co*., 936 A.2d 488, 492 (Pa.Super. 2007). Coverage is triggered if the Complaint in the underlying action avers facts that would support a recovery covered by the policy. *General Accident Ins. Co. of America v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997).

The insurance policy here provides that Appellee "shall provide for the defense of an insured in litigation in which any third party asserts a claim

**adverse to the title or interest as insured**, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy." Paragraph 4(a), Title Insurance Contract, *supra* (emphasis added).

In the Montgomery County quiet title action, U.S. Bank requested that the court "(a) declare that [Appellants] own valid fee simple title to the entire Property, *i.e.*, both lots; [and] (b) reform the legal descriptions in the 2005 Deed and the Mortgage to include the metes and bounds description of the entire Property, *i.e.*, both lots[.]" Complaint of US Bank, Mont. Co. CCP Docket No. 2010-15604-0.

A quiet title action that seeks to increase Appellants' holdings is not "a claim adverse to" Appellants' title or interest as insured. In this case, the quiet title action was for the purpose of expanding the legal description in the deed so that it included both Lot A and Lot B and would comport with the Appellants' expectations when they purchased both lots in 2005.

Appellants rely on **Titeflex Corp. v. Nat'l Union Fire Ins. Co.**, 88 A.3d 970, 981 (Pa.Super. 2014), *appeal denied*, 105 A.3d 737 (Pa. 2014), to support their position that an "insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an **injury** that is actually or potentially within the scope of the policy." Appellant's Brief at 25 (citation omitted)(emphasis added). As we noted, the quiet title action only increased Appellants' holdings and did not cause any injury.

Appellants further argue that they were, in fact, injured by the quiet title action increasing their property holdings because the quiet title action resulted in the mortgage securing both lots and preventing Appellants from selling off one lot.

We find this argument to be disingenuous. When Appellants purchased the Property, Wells Fargo lent Appellants sufficient funds to purchase both lots in exchange for a mortgage on both lots. Due to clerical error, the mortgage was only recorded on one lot. The fact that the trial court in the quiet title action ordered that the mortgage be placed on both lots does not mean that Appellants "lost" a property interest in the quiet title action. Appellants never had the right to own Lot B without a mortgage on it.[3] Accordingly, Appellants' second, third, fifth, and eighth issues fail.

**Issue #4**

In their fourth issue, Appellants aver that the trial court erred in granting summary judgment because Appellee did not produce a copy of the original title policy issued on or around July 22, 2005, "despite discovery requests to do so." Appellants' Brief at 33. Rather, they note, Appellee

---

[3] There is no doubt that Appellants at closing knew that they were purchasing both lots and financing the purchase of both lots with a mortgage on both lots. This Court has already held that at the time of closing, Appellants had constructive notice that they were purchasing, and the bank was placing a mortgage on, both lots. *See John L. McClain and Mitchell Prince v. Michael V. Power and Theresa Power,* No. 1933 EDA 2013 (Pa.Super. filed Sept. 18, 2014). This Court would go even farther and find that Appellants had **actual** notice that it was purchasing both lots and financing the purchase of both lots with a mortgage on both lots.

annexed a copy of the amended title insurance policy dated September 23, 2005, that Appellants now aver they "never consented to … and there is no proof of such." Appellants' Brief at 34. This issue, appearing to raise principles sounding in discovery compliance and contract validity, is waived for failing to develop it as required by our appellate rules.

"The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (quoting *Estate of Lakatosh*, 656 A.2d 1378, 1381 (Pa . Super. 1995)). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *Id.* (quoting *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 665 (Pa. Super. 2005)). "Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *Id*; *see* Pa.R.A.P. 2119(a).

In their brief discussion of this fourth issue, Appellants quote one case for the proposition that "a contract of insurance cannot be changed without consent of both parties." Appellants' Brief at 34, quoting *Murray v. John Hancock Mutual Life Ins. Co.*, 69 A.2d 182, 183 (Pa. Super 1949). Appellants cite no authority and provide no analysis to support their proposition that summary judgment was improper because Appellee annexed the amended title policy to the complaint. Because Appellants have failed to develop this issue as required by Pa.R.A.P. 2119, it is waived.

**Issue #6**

In their sixth issue, Appellants aver that, contrary to the trial court's 1925(a) Opinion, they suffered a monetary loss because having separate lots would have enabled them to sell the vacant lot, valued at $125,000, to avoid the foreclosure action altogether. They aver that the Deed of Consolidation "diminished the property's value."

In its Rule 1925(a) Opinion, the trial court opined

[Appellants'] contention that the Property was an A/B Lot and only unimproved Lot A was subject to the Mortgage was spurious and self-serving. It is apparent to the [c]ourt that such a claim was an attempt to prevent and/or forestall foreclosure on the valuable portion of the Property – that being the part where the house was located. Further, as previously discussed, the purpose of title insurance is to protect those who actually suffer the loss. Here, the record is clear that there was no such loss suffered by [Appellants].

Trial Court Opinion, dated 3/25/15, at 12.

We agree with the trial court that the Delaware County action resolved Appellants' issue with respect to the Property they knew they had. In raising this sixth issue, Appellants are attempting to relitigate that which this Court addressed in **McClain v. Power,** No. 1933 EDA 2013, discussed **supra**. This they may not do. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (noting that under the law of the case doctrine, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court). Appellants' sixth issue is, thus, without merit.

**Issue #7**

In their seventh issue, Appellants aver that the trial court should not have granted the Appellee's Motion for Summary Judgment because Appellee created the defects in the deed and title.

As noted above, the instant declaratory judgment action pertains to the interpretation and application of the title insurance contract. In its quiet title action, U.S. Bank's sole interest was the correction of the metes and bounds description for purposes of the mortgage. The responsibility for the defect that caused the need for reformation of the deed and mortgage was not an issue. We decline to review this issue in the context of this declaratory judgment action. *See* Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

**CONCLUSION**

After careful review of the record, the trial court's well written 1925 (a) Opinion, and the parties' briefs, we conclude that the evidence supports the trial court's determination. We find that the trial court did not abuse its discretion or err as a matter of law in granting summary judgment to Appellee.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016